IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TAVERN DOWNING, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:25-CV-274 (CAR) |
| v. | : | |
| | : | |
| ENISHA BRYANT and WENDY REID, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER DISMISSING CASE

Before the Court are Defendant Wendy Reid's Motion to Dismiss for Failure to State a Claim [Doc. 3], and *pro se* Plaintiff Tavern Downing, Sr.'s Motions for Leave to File First Amended Complaint [Docs. 5, 11] and Motion for Leave to File Second Amended Complaint [Doc. 15]. For the reasons explained below, the Court **DISMISSES** Plaintiff's action against Defendant Enisha Bryant **WITHOUT PREJUDICE** for failure to timely perfect service of process under Fed. R. Civ. P. 4(m); **GRANTS** Defendant Reid's Motion to Dismiss [Doc. 3]; and **DENIES** Plaintiff's Motions to Amend [Docs. 5, 11, 15]. Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.[1]

---

[1] This dismissal without prejudice may have the effect of precluding Plaintiff from refiling his claims due to the running of the statute of limitations and thus, operate as a dismissal with prejudice. *See Parrish v. Ford Motor Co.*, 299 F. App'x 856, 862 (11th Cir. 2008) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981)).

1

## I. Procedural Background

On June 30, 2025, Plaintiff Tavern L. Downing, Sr., filed his *pro se* Complaint against Defendants Enisha Bryant and Wendy Reid and paid the filing fee.[2] Plaintiff did not serve either Defendant, and the Court notified him that his case against Defendants may be dismissed without prejudice under Fed. R. Civ. P. 4(m) if he failed to file proof of service by September 29, 2025.[3] Plaintiff served Defendant Reid, but not Defendant Bryant.[4] Defendant Reid moved to dismiss Plaintiff's Complaint.[5] Subsequently, Plaintiff filed Motions for Leave to File his First Amended Complaint and for Leave to File his proposed Second Amended Complaint.[6] Defendant Reid responded to each and raised the defenses of qualified immunity and state official immunity.[7]

As explained below, the Court **DISMISSES** Defendant Bryant for failure to serve under Rule 4(m). And because neither Plaintiff's original Complaint, nor his proposed amended complaints state a claim, the Court **GRANTS** Defendant Reid's Motion to Dismiss and **DENIES** Plaintiff's Motions to Amend as futile.

---

[2] Doc. 1. Plaintiff lists only himself as a Plaintiff on the case caption in his Complaint. *Id.* at 1. But the signatures of ten other persons are listed on a page entitled "signature of all plaintiffs." *Id.* at 4. Defendant Wendy Reid moved to dismiss the ten other plaintiffs because none of the four counts mention them. Doc. 3-1. Accordingly, this Court dismisses those ten other plaintiffs because those other persons do not assert any claims against any Defendants and do not allege they suffered any injury-in-fact required for standing.
[3] Doc. 7.
[4] Docs. 8, 9.
[5] Doc. 3.
[6] Docs. 5, 11, 15. Except for jurisdictional allegations contained in his latter amended motion, the two proposed First Amended Complaints are identical. Docs. 5, 5-1, 11, 11-3.
[7] Docs. 10, 16.

## II. Dismissal of Defendant Enisha Bryant

Fed. R. Civ. P. 4(m) provides: "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[8] However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[9]

On June 30, 2025, Plaintiff filed his Complaint,[10] and Rule 4(m) required him to serve Defendant Bryant by September 29, 2025.[11] The Court extended the time for service of Enisha Bryant twice, resulting in an extension of over two months.[12] The Court notified Plaintiff that if he failed to serve Defendant Bryant by December 5, 2025, his claims against Defendant Bryant would be dismissed without prejudice under Fed. R. Civ. P. 4(m).[13] Because Plaintiff has not served Defendant Bryant within the time specified in its Order, the Court **DISMISSES** Plaintiff's action against Defendant Bryant for failure to timely perfect service of process under Fed. R. Civ. P. 4(m).

---

[8] Fed. R. Civ. P. 4(m).
[9] *Id.*
[10] Doc. 1.
[11] Fed. R. Civ. P. 4(m).
[12] Docs. 18, 21.
[13] Doc. 21.

### III. Defendant Reid's Motion to Dismiss Original Complaint [Doc. 3]

### A. Legal Standard

On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled facts in a plaintiff's complaint.[14] But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation" because "a legal conclusion . . . [is] not entitled to the assumption of truth."[15] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[18]

Although *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed,"[19] that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient

---

[14] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

[16] *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[17] *Id.*

[18] *Twombly*, 550 U.S. at 556.

[19] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

4

pleading in order to sustain an action."[20] *Pro se* litigants cannot "simply point to some perceived or action wrongdoing and then have the court fill in the facts to support their claim[.]"[21] "Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled."[22]

The defenses of qualified immunity and state statutory immunity may be raised and considered on a motion to dismiss.[23]

## B. Background

Plaintiff provides very few allegations in his Original Complaint.[24] Plaintiff names as Defendants Enisha Bryant—who appears to be the mother of Plaintiff's son Victor Downing[25]—and Wendy Reid—who was an officer of the Division of Family and Children Services (DFCS) of the Georgia Department of Human Services.[26] Plaintiff alleges the following facts: On or about November 6, 2023, Defendants Bryant and Reid stated to an unnamed law enforcement officer that Plaintiff had repeatedly abused his

---

[20] *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (citation modified).

[21] *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009).

[22] *Id.*

[23] *See Washington v. Rivera*, 939 F.3d 1239, 1245 (11th Cir. 2019) (ruling qualified immunity and official statutory immunity may be considered on a motion to dismiss) (citing *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)); *see also Gates v. Khokhar*, 884 F.3d 1290 (11th Cir. 2018) (same).

[24] Doc. 1.

[25] *Id.* Plaintiff does not state this in any of his filings with the Court.

[26] *Id.* Plaintiff does not allege Defendant Reid was a DFCS Officer in his Original Complaint. Doc. 1. But in his Response to her Motion to Dismiss, Plaintiff stated that "[a]t all relevant times, Defendant [Reid] was employed as a DFCS officer." Doc. 6 at 2; *see also* O.C.G.A. § 49-2-1 (creating the "Department of Human Services"); O.C.G.A. §§ 49-2-18, -19 (governing the "Division of Family and Children Services of the department"). Plaintiff did not sue Defendant Reid in her official capacity. Doc. 1.

son Victor Downing when they knew that statement to be false, and Plaintiff was arrested for the crime of cruelty to children, imprisoned, and lost several business contracts.[27]

## C. Analysis

Construed liberally, Plaintiff asserts a Section 1983 claim and state law claims for false arrest, false imprisonment, malicious prosecution, and defamation against Defendant Reid in her individual capacity.[28] In her Motion to Dismiss, Defendant Wendy Reid contends Plaintiff fails to state a claim under Section 1983 and her official immunity under the Georgia Tort Claims Act bars Plaintiff's state law claims.[29] This Court agrees.

### (1) Section 1983 Claim

Construed liberally, Plaintiff asserts either a malicious-prosecution or false arrest claim under Section 1983 against Defendant Reid in Count IV. Plaintiff alleges Defendant Reid—a state DFCS officer—caused his imprisonment by knowingly providing false accusations of child abuse to a law enforcement officer. Plaintiff does not allege Defendant Reid arrested him, and he does not provide any facts concerning the circumstances of his arrest on the charge of cruelty to children, his imprisonment, or the subsequent adjudication of that charge. A § 1983 false arrest claim concerns seizures *without legal process* whereas a § 1983 malicious prosecution claim concerns seizures *with*

---

[27] Doc. 1.

[28] Doc. 1 at 2. The Court does not evaluate Plaintiff's claims against Defendant Enisha Bryant in his Original Complaint because Defendant Bryant has already been dismissed for failure to serve under Fed. R. Civ. P. 4(m).

[29] Doc. 3-1.

*legal process*.[30] Plaintiff does not allege whether he was arrested under a warrant—i.e., pursuant to legal process.[31] Accordingly, the Court will evaluate whether Plaintiff has stated either claim. Defendant Reid contends Plaintiff fails to state a claim under § 1983. This Court agrees.

To sustain "[a] § 1983 malicious-prosecution claim[,]" the plaintiff must establish: "(1) the elements of the common-law tort of malicious prosecution and (2) a violation of the plaintiff's Fourth Amendment right against unreasonable seizures."[32] "The common-law elements of malicious prosecution are (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff's favor; and (4) caused damage to the plaintiff."[33] "To prove a violation of his Fourth Amendment right against unreasonable seizures[,]" the plaintiff "must show that he was arrested without probable cause."[34] Plaintiff fails to state a § 1983

---

[30] *See Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020).

[31] Doc. 1.

[32] *Blue v. Lopez*, 808 F. App'x 947, 951 (11th Cir. 2020) (citing *Blue v. Lopez*, 901 F.3d 1352, 1357 (11th Cir. 2018)); *see also Butler v. Smith*, 85 F.4th 1102, 1111-12 (11th Cir. 2023) (same). Put differently, "to prove a Fourth Amendment malicious-prosecution claim . . . , a plaintiff must establish four elements: (1) the plaintiff was seized under legal process; (2) the legal process justifying the plaintiff's seizure was constitutionally infirm; (3) the suit or proceeding terminated in the plaintiff's favor; and (4) the seizure would not otherwise be justified without legal process." *Gervin v. Florence*, 139 F.4th 1236, 1248 (11th Cir. 2025) (citing *Butler v. Smith*, 85 F.4th 1102 (11th Cir. 2023); *Washington v. Howard*, 25 F.4th 891, 898 (11th Cir. 2022)).

[33] *Blue*, 808 F. App'x at 951 (citing *Blue*, 901 F.3d at 1357; *Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008)).

[34] *Id.* at 952 (citing *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019)). "Probable cause exists when the facts and circumstances, of which the official has reasonably trustworthy information, would cause a prudent person to believe that the suspect has committed, is committing, or is about to commit an offense." *Id.* at 951 (citing *Jordan v. Mosley*, 487 F.3d 1350, 1355 (11th Cir. 2007)). "[A] non-arresting officer who instigates or causes an unlawful arrest can still be liable under the Fourth Amendment." *Id.* at 952 (quoting *Jordan*, 487 F.3d at 1354). But "[t]o establish proof of causation for non-arresting officers, the plaintiff generally

7

malicious-prosecution claim because he fails to plausibly allege that the criminal prosecution instituted against him resulted in a favorable termination or that he was arrested without probable cause. And because Plaintiff does not allege enough information concerning a lack of probable cause for his arrest, Plaintiff fails to state a § 1983 false arrest claim.[35]

**(2) State Law Claims**

Construed liberally, Plaintiff asserts state law claims for false arrest, false imprisonment, malicious prosecution, and defamation against Defendant Reid in her individual capacity. Defendant Reid contends Plaintiff's state law claims are barred by her official immunity under the Georgia Tort Claims Act. This Court agrees.

The Georgia Tort Claims Act "constitutes the exclusive remedy for any tort committed by a state officer or employee[.]"[36] Under the GTCA, "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or

---

must show that the seizure was 'the result of deception or undue pressure by the defendant [officer],' as opposed to the intervening acts of others, which ordinarily 'break the chain of causation.'" *Id.* (quoting *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989)). "Knowingly making false statements to obtain an arrest warrant can lead to a Fourth Amendment violation." *Id.* (quoting *Whiting v. Traylor*, 85 F.3d 581, 585 n.5 (11th Cir. 1996)). But "no Fourth Amendment violation occurs if, after setting aside the false statements, there still exists 'sufficient content ... to support a finding of probable cause.'" *Id.* (quoting *Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997)).

[35] "To succeed on a [§ 1983] false arrest claim, a plaintiff must establish (1) a lack of probable cause and (2) an arrest." *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022). "Accordingly, when the government has probable cause to arrest someone, a false arrest claim necessarily fails." *Id.* (citing *Crocker v. Beatty*, 995 F.3d 1232, 1246 (11th Cir. 2021)).

[36] *Tootle v. Cartee*, 280 Ga. App. 428, 429-30 (2006) (quoting O.C.G.A. § 50–21–25(a)) (citing *Davis v. Standifer*, 275 Ga. App. 769, 771 (2005)).

employment is not subject to lawsuit or liability therefor[.]"[37] This official immunity applies to claims for "[a]ssault, battery, *false imprisonment, false arrest, malicious prosecution*, abuse of process, *libel, slander*, [and] interference with contractual rights" brought against a state officer or employee regardless of whether the officer or employee is accused of committing unauthorized torts that are malicious or intentional.[38]

Here, Plaintiff filed his Original Complaint against Defendant Reid in her individual capacity as a DFCS Officer. In essence, Plaintiff claims Defendant Reid falsely accused him of child abuse during her child welfare investigation.[39] The Parties do not dispute that "[a]t all relevant times, Defendant was employed as a DFCS officer."[40] O.C.G.A. § 19-7-5 charges the Division of Family and Children Services (DFCS) of the Department of Human Services with the duty to receive reports of suspected child

---

[37] O.C.G.A. § 50–21–25(a).

[38] O.C.G.A. § 50–21–24(7); *see Tootle*, 280 Ga. App. at 430-31; *Ridley v. Johns*, 274 Ga. 241, 242 (2001); *Ford v. Caffrey*, 293 Ga. App. 269, 273 (2008) (quoting *Hardin v. Phillips*, 249 Ga. App. 541, 544 (2001)) ("[B]oth the provisions of the GTCA and the case law interpreting it demonstrate that the Act provides immunity from liability for torts committed during a state employee's performance of official duties without regard to intent or malice."). In Count II, Plaintiff alleges "[o]n or about November 6[,] 2023[,] Wendy Reid knowingly, willingly, and intentionally made a false statement against [Plaintiff][.]" Doc. 1 at 2. In Count III, Plaintiff alleges "Enisha Bryant and Wendy Reid knowingly, willingly, and intentionally aided and abetted each other both known and unknown to commit the act of Defamation of Character against [Plaintiff][.]" *Id.* Plaintiff does not identify whether Defendant Reid's allegedly defamatory statement was oral or written. *Id.* "Because libel or slander are types of defamatory statements, libel and slander are considered under the same umbrella as defamation." *Boley v. A-1 Horton's Moving Serv., Inc.*, 373 Ga. App. 574, 578 n.4 (2024). Thus, O.C.G.A. § 50-21-24(7) provides state officials immunity from defamation claims regardless of whether they are pled as libel or slander. *See* O.C.G.A. § 50-21-24(7) ("The state shall have no liability for losses resulting from[] . . . libel[] [or] slander[.]").

[39] Docs. 1, 6. Notably, in his Response to Defendant Reid's Motion to Dismiss, Plaintiff seems to assume that his proposed First Amended Complaint had superseded his Original Complaint and appears to argue that his proposed First Amended Complaint should not be dismissed. Doc. 6.

[40] Doc. 6 at 2; Doc. 3-1 at 6.

abuse.[41] Moreover, O.C.G.A. § 49-5-8 mandates the Department of Human Services to provide "[p]rotective services that will investigate complaints of abuse or abandonment of children and youths by parents . . . and, on the basis of the findings of such investigation, . . . bring the situation to the attention of a law enforcement agency[.]"[42] Thus, Defendant Reid was acting within the scope of her employment as a DFCS Officer by reporting suspected child abuse to a law enforcement officer. As a result, Defendant Reid is entitled to official immunity under O.C.G.A. § 50-21-24(7) for Plaintiff's state law false arrest, false imprisonment, malicious prosecution, and defamation claims against her.[43]

Accordingly, the Court **GRANTS** Defendant Reid's Motion to Dismiss [Doc. 3] and **DISMISSES WITHOUT PREJUDICE** all claims asserted against her in this action.

## IV. Motions for Leave to File First Amended Complaint [Docs. 5, 11]

Because Plaintiff fails to state a claim in his proposed First Amended Complaint, the Court denies Plaintiff's Motions for leave to File First Amended Complaint as futile.

Under Rule 15(a), the court should freely give leave to amend when justice so requires.[44] But "a district court may properly deny leave to amend the complaint under

---

[41] O.C.G.A. § 19-7-5.
[42] O.C.G.A. § 49-5-8.
[43] *See Tootle*, 280 Ga. App. at 430-31.
[44] Fed. R. Civ. P. 15(a).

Rule 15(a) when such amendment would be futile."[45] "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."[46]

Plaintiff seeks leave to file his proposed First Amended Complaint attached to two of his Motions.[47] Plaintiff's proposed First Amended Complaint contains no factual allegations;[48] "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[49] Thus, Plaintiff's complaint would be subject to dismissal under Rule 12(b)(6). As a result, Plaintiff's amendment would be futile. Accordingly, the Court **DENIES** Plaintiff's Motions for Leave to File First Amended Complaint [Docs. 5, 11].

## V. Motion for Leave to File Second Amended Complaint [Doc. 15]

Plaintiff's proposed Second Amended Complaint fares no better. In his Motion for Leave to File Second Amended Complaint, Plaintiff seeks leave to amend his Complaint to add (1) additional factual allegations; (2) four additional defendants, namely Joyce Bryant, Sophia Gianelli, Samantha Worthy, and Keisha Jones; (3) and four additional counts.[50]

---

[45] *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[46] *Id.* (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999)).

[47] Docs. 5, 5-1, 11, 11-3. Except for jurisdictional allegations contained in the proposed complaint attached to his latter amended motion, the two proposed complaints are identical. *Id.*

[48] Doc. 11-3 at 2.

[49] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[50] Doc. 15.

Plaintiff alleges the following new facts.[51] Enisha Bryant and her mother, Joyce Bryant, physically abused Plaintiff's son, Victor Downing, who resided at Enisha Bryant's home.[52] Enisha Bryant, Joyce Bryant, and Enisha's sister, Sophia Gianelli, fabricated child abuse allegations against Plaintiff.[53] Enisha Bryant was friends with an unnamed person who was "closely connected to" an unnamed DCFS employee.[54] DCFS Officers Keisha Jones, Samantha Worthy, and Wendy Reid ("DCFS Defendants") were involved in a child abuse investigation concerning Victor Downing,[55] and DCFS Officers Worthy and Reid visited Enisha Bryant's home, witnessed signs of abuse, and failed to intervene or report the conduct.[56] DFCS Officer Keisha Jones allowed Enisha Bryant to maintain communication with Victor Downing during the investigation against DCFS investigatory protocols.[57] Defendants Enisha Bryant, Joyce Bryant, Sophia Gianelli, and Wendy Reid knowingly made false statements about Plaintiff's behavior.[58] Defendants Worthy and Reid visited Enisha Bryant's home during the abuse period, witnessed signs of abuse, and failed to report the conduct,[59] and they called Plaintiff and stated that they were contacting him to discuss school attendance concerns when they were responding

---

[51] *Id.* at 3. Plaintiff states he obtained these new facts through an audio-recorded conversation he had with Enisha Bryant. *Id.* Plaintiff did not attach any audio recording to his Motion. *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.* at 3.

[55] *Id.* at 3, 7-9.

[56] *Id.* at 7.

[57] *Id.*

[58] *Id.* at 5.

[59] *Id.* at 7.

to reports or observation of abuse.[60] And Enisha Bryant allowed Victor Downing to be "put into foster care."[61] Again, Plaintiff does not allege any DFCS Defendant arrested him, and he does not provide any facts concerning the circumstances of his arrest on the charge of cruelty to children, his imprisonment, or the subsequent adjudication of that charge.

Construed liberally, Plaintiff asserts a § 1983 false-arrest claim against all six Defendants in Count I, § 1983 claims for conspiracy to violate his Fourth and Fourteenth Amendment rights against all six Defendants in Counts I and II,[62] and Plaintiff asserts a § 1983 substantive due process claims in Counts III and Count IV against Defendants Worthy and Reid.[63] Defendant Reid contends leave to amend should be denied because Plaintiff fails to state a claim for relief.[64] This Court agrees.

**(1) Section 1983 False Arrest Claim**

"A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests."[65] "To succeed on a [§ 1983] false arrest claim, a plaintiff must establish (1) a lack of probable cause and (2) an arrest."[66] "Accordingly, when the government has probable cause to arrest someone, a false arrest

---

[60] *Id.* at 8.

[61] *Id.* at 3.

[62] *Id.* at 5-6.

[63] *Id.* at 7-9.

[64] Doc. 16.

[65] *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007)).

[66] *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022).

claim necessarily fails."[67] Plaintiff fails to state a § 1983 false arrest claim in Count I because he fails to plausibly establish he was arrested without probable cause.

**(2) Section 1983 Conspiracy Claims**

"To state a claim for conspiracy under § 1983, a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights."[68] Thus, "[t]o prevail on a § 1983 conspiracy claim a plaintiff must show that an agreement between two or more people (at least one of whom is a state actor) to violate his constitutional rights resulted in an actual violation of those rights[.]"[69] "The linchpin for conspiracy is agreement, which presupposes communication."[70] "Though circumstantial evidence can help prove a section 1983

---

[67] *Id.* (citing *Crocker v. Beatty*, 995 F.3d 1232, 1246 (11th Cir. 2021)).

[68] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1327 (11th Cir. 2015); *see also Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023) (quoting *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010)) ("A prima facie section 1983 conspiracy case requires (1) a violation of a constitutional right, (2) an agreement to deprive the plaintiff of a constitutional right, and (3) 'an actionable wrong to support the conspiracy.'").

[69] *Am. Fed'n of Lab. & Cong. of Indus. Organizations v. City of Miami*, 637 F.3d 1178, 1191 (11th Cir. 2011); *see also Worthy v. City of Phenix City*, 930 F.3d 1206, 1224 (11th Cir. 2019) (quoting *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010)) ("A plaintiff attempting to state such a claim must allege that 'the defendants "reached an understanding" to violate the plaintiff's constitutional rights[]' . . . and that 'an actionable wrong' occurred[.]").

[70] *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1284 (11th Cir. 2002).

14

conspiracy, the complaint must 'make particularized allegations that a conspiracy existed[]'" to survive a motion to dismiss.[71]

In Counts I and II, Plaintiff fails to state a Section 1983 conspiracy claim because his non-conclusory factual allegations are insufficient to plausibly establish an agreement existed between a state actor, here one of the DFCS Defendants, and any other Defendant not a state actor. Only one non-conclusory factual allegation relates to establishing that an agreement existed between a DFCS Officer and another non-state Defendant. Plaintiff alleges DFCS Officer Jones improperly allowed Enisha Bryant to maintain contact with Victor Downing during the investigation. This vague fact standing alone does not plausibly establish DFCS Officer Jones (or any other DFCS Officer) and Enisha Bryant had an agreement to make false statements about Plaintiff to cause his arrest and imprisonment in violation of his Fourth Amendment right and to deprive him of his liberty interest in the care, custody and management his son in violation of his Fourteenth Amendment right. Thus, Plaintiff fails to state a Section 1983 conspiracy claim.

**(3) Section 1983 Substantive Due Process Claims**

Plaintiff fails to state a 1983 substantive due process claim in Counts III and IV because he fails to plausibly establish DCFS Officers Worthy and Reid caused a

---

[71] *Ghee*, 2023 WL 3813503, at *2  (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)) (citing *Grider*, 618 F.3d at 1260) (internal citations omitted).

substantive due process violation. Plaintiff alleges DFCS Officers Worthy and Reid deprived him of his Fourteenth Amendment right "to maintain custody, care, and contact with his minor child" during their child abuse investigation by initiating false child abuse allegations, covering up his son's abuse, facilitating separation between Plaintiff and his son, misrepresenting their reason for contacting Plaintiff, and prohibiting him from contacting his son.[72] Although "[t]he Supreme Court has held that 'parents have a constitutionally protected liberty interest in the care, custody and management of their children,'"[73] "[t]he right to family integrity clearly does not include a constitutional right to be free from child abuse investigations."[74] Plaintiff does not allege the DFCS Officers deprived him of custody of his minor child. Plaintiff's vague allegations fail to plausibly establish DFCS Officers Worthy and Reid caused a substantive due process violation.

In addition, Plaintiff lacks standing to bring individual claims under Section 1983 based upon the deprivation of his son Victor Downing's constitutional rights.[75] "[A] section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else."[76] Thus, to the extent Plaintiff seeks to recover damages for

---

[72] Doc. 15 at 7-9.

[73] *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013) (quoting *Doe v. Kearney*, 329 F.3d 1286, 1293 (11th Cir. 2003)).

[74] *Foy v. Holston*, 94 F.3d 1528, 1537 (11th Cir. 1996) (quoting *Watterson v. Page*, 987 F.2d 1, 8 (1st Cir. 1993)).

[75] *See Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001) (citing *Burrow v. Postville Cmty. Sch. Dist.*, 929 F. Supp. 1193, 1208 (N.D. Iowa 1996)).

[76] *Hall v. Neal*, 2006 WL 462600, at *2 n.5 (M.D. Fla. Feb. 27, 2006) (quoting *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)).

his son's injuries under a deliberate indifference and/or state-created danger theory in Counts III and IV, Plaintiff fails to state a claim.

**(4) Official Capacity Claims**

Plaintiff appears to assert all claims against the DFCS Defendants in both their individual and official capacities.[77] An official capacity claim against a state officer or employee is simply a claim against the named defendant's State office or agency—that is against the State itself.[78] Under Georgia law, tort claims against the State and state employees are governed by the GTCA which constitutes "the exclusive remedy for any tort committed by a state officer or employee."[79] Under the GTCA, when a state officer or employee is sued in their official capacity, "the state government entity for which the state officer or employee was acting must be substituted as the party defendant."[80] When the State is substituted as the defendant, the GTCA creates only a narrow waiver of sovereign immunity through which plaintiffs can sue the State for torts committed by state actors. Suits in federal court, however, are not part of that waiver. The GTCA expressly provides

---

[77] Doc. 15 at 1.

[78] *State Bd. of Educ. v. Drury*, 263 Ga. 429, 435 (1993) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself."); *GeorgiaCarry.Org, Inc. v. Bordeaux*, 352 Ga. App. 399, 402 (2019) (quoting *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593, 599 n. 4 (2014)) ("Sovereign immunity applies to public employees sued in their official capacities because these are in reality suits against the state.").

[79] O.C.G.A § 50-21-25(a).

[80] O.C.G.A § 50-21-25(a), (b).

that "[t]he state does not waive any immunity with respect to actions brought in the courts of the United States."[81] Accordingly, under the GTCA, the State of Georgia cannot be sued for state law torts in federal court. Therefore, Plaintiff's official capacity claims against the DFCS Defendants are barred by the GTCA.[82]

In conclusion, the claims asserted in Plaintiff's proposed second amended complaint would be subject to dismissal for failure to state a claim under Rule 12(b)(6). As a result, Plaintiff's amendment would be futile. Accordingly, the Court **DENIES** Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 15].

## CONCLUSION

For the reasons explained above, the Court **DISMISSES** Plaintiff's action against Defendant Enisha Bryant **WITHOUT PREJUDICE** for failure to timely perfect service of process under Fed. R. Civ. P. 4(m); **GRANTS** Defendant Reid's Motion to Dismiss [Doc. 3]; and **DENIES** Plaintiff's Motions to Amend [Docs. 5, 11, 15]. Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.[83]

---

[81] O.C.G.A § 50-21-23(b).

[82] *See Johnson v. Holt*, No. 5:14-CV-380 MTT, 2015 WL 853952, at *4 (M.D. Ga. Feb. 26, 2015) (citing O.C.G.A. § 50–21–23(b); *Alyshah v. Georgia*, 239 F. App'x 473, 474 (11th Cir. 2007) ("Though the statute provides that the state government entity must be substituted as the party defendant if the individual state actor is named, the GTCA only waives the state's sovereign immunity for tort suits brought in Georgia state courts and preserves its immunity for tort suits brought in the courts of the United States.").

[83] This dismissal without prejudice may have the effect of precluding Plaintiff from refiling his claims due to the running of the statute of limitations and thus, operate as a dismissal with prejudice. *See Parrish v. Ford Motor Co.*, 299 F. App'x 856, 862 (11th Cir. 2008) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981)).

**SO ORDERED,** this 5th day of May, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT